UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMESETTA GUY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. ESPINOZA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00498-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 10) |

　　　Plaintiff, Jamesetta Guy, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On August 16, 2019, Plaintiff, on behalf of herself and Jane Doe 1-500, filed a motion for appointment of pro bono counsel. (ECF No. 10). Plaintiff asks for appointment of counsel because the case is meritorious, because she and Jane Doe 1-500 needs assistance in presenting the case, and because she and Jane Doe 1-500 have suffered irreparable harm as a result of Defendants' actions.

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of her claims.  Moreover, it appears that Plaintiff can adequately articulate her claims.[1]

Plaintiff is advised that she is not precluded from renewing her motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **August 23, 2019**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] It does not appear that Plaintiff is an active licensee of the State Bar of California.  Therefore, Plaintiff cannot file motions in court on behalf of other people.  Cal. Bus. & Prof. Code § 6125.