# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| JAMESETTA GUY, | Case No. 1:19-cv-00498-AWI-EPG (PC) |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JANEL ESPINOZA, et al., | ORDER DENYING MOTION TO AMEND AND FOR APPOINTMENT OF COUNSEL |
| Defendants. | |
| | (ECF Nos. 16, 17, 18) |

Plaintiff, Jamesetta Guy, is a state prisoner currently housed at the Central California Women's Facility ("CCWF"). She is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 21, 2020, the assigned magistrate judge entered findings and recommendations recommending that this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under §1983. (ECF No. 16.) Plaintiff was granted thirty days in which to file objections to the findings and recommendations. (*Id.*) On February 19, 2020, Plaintiff timely filed objections. (ECF No. 17.) On February 21, 2020, Plaintiff filed a motion to file an amended complaint. (ECF No. 18.)

A. <u>Motion to Amend</u>

In her motion to amend, Plaintiff seeks to file a second amended complaint that includes allegations of injury that are specific to herself. The allegation that she seeks to include is as follows: "Upon my encounter with this transgender [inmate], I was sexually harassed, humiliated, and publicly degraded. This inmate used [her] state issued Dildo a sexual device holding it where [her] penis should be with extensive vulgar comments." (ECF No. 18 at 2.)

1

The Court will deny the motion to amend as futile. First, the Court finds facially implausible Plaintiff's contention that the prison issued a dildo to a male-to-female transgender inmate. Second, even if the Court found Plaintiff's contention to be plausible, the incident alleged by Plaintiff is insufficient to state a cognizable claim for relief. "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000); *Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir.1997) (holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (female correctional officers who allegedly made improper statements about plaintiff while he showered entitled to qualified immunity). Indeed, the Ninth Circuit "has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] the later to be in violation of the constitution." *Minifield v. Butikofer*, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing *Schwenk*, 204 F.3d at 1198).

Here, Plaintiff contends that she was subjected to vulgar verbal comments and gestures by a fellow inmate. These contentions are insufficient to state a claim under the Eighth Amendment. Allowing Plaintiff to file an amended complaint to include these contentions would thus be futile. Accordingly, the Court will deny Plaintiff's motion to amend.

B. Findings and Recommendations

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the Court has conducted a *de novo* review of this case. The Court has carefully reviewed the entire file, including plaintiff's objections. The Court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly, the Court will adopt the findings and recommendations.

As to Plaintiff's renewed request in her objections for appointment of counsel, the request will be denied. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney

to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court does not find the required exceptional circumstances for appointment of counsel to be present in this case. Plaintiff has been able to clearly articulate her claims and the facts underlying her claims. However, for the reasons set forth in the findings and recommendations, Plaintiff's claims are not cognizable under § 1983. Accordingly, appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to amend (ECF No. 18) is DENIED;
2. The request for appointment of counsel is DENIED;
3. The findings and recommendations issued by the magistrate judge on January 21, 2020 (ECF No. 16), are ADOPTED in full;
2. This action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __February 27, 2020__   _____
SENIOR DISTRICT JUDGE

3